IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| OTIS W. ANDERSON, ) | CASE NO. 5:08 CV 1229 |
| ) | |
| Plaintiff, ) | MAGISTRATE JUDGE |
| ) | WILLIAM H. BAUGHMAN, JR. |
| v. ) | |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

**Introduction**

This is an action for judicial review of the final decision of the Commissioner of Social Security denying the application of the plaintiff, Otis W. Anderson, for supplemental security income. The parties have consented to magistrate judge's jurisdiction.

The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, found that Anderson had severe impairments consisting of scoliosis, left knee degenerative joint disease, depression, antisocial personality disorder, borderline intellectual functioning, and necrosis of the right femur.[1] The ALJ determined that Anderson did not have an impairment or combination of impairments meeting or equaling one listed in Appendix 1 of the regulations.[2] The ALJ decided that Anderson had the following residual functional capacity:

---

[1] Transcript ("Tr.") at 20.

[2] *Id.* at 20-21.

> Anderson retains the residual functional capacity to perform a range of sedentary work. Specifically, he can lift, carry, push and pull ten pounds occasionally and frequently, with an additional limitation that he can only carry short distances. He can sit for six hours and stand and/or walk for two hours in an eight-hour workday. Within the parameters of sitting, standing, and walking, he requires the ability to move from one position to another as necessary to relieve pain (sit/stand option). He requires use of a cane in his dominant (right) hand. He is limited to routine, low-stress work that does not involve arbitration, negotiation, confrontation, or responsibility for the safety and welfare of others. He cannot work at unprotected heights, around dangerous moving machinery, in a hazardous work environment, or drive automobile equipment. He cannot climb ladders, ropes, or scaffolds and can climb ramps and stairs with banisters occasionally. He is limited with operating foot controls with the right foot and cannot operate foot controls with the left foot. He can occasionally balance (on an even work surface), stoop, and bend and can never kneel, crouch, or crawl. He cannot perform work requiring high production quotas.[3]

The ALJ ruled that the above-quoted residual functional capacity rendered Anderson unable to perform any past relevant work.[4]

Based on an answer to a hypothetical question posed to the vocational expert at the hearing setting forth the residual functional capacity finding quoted above, the ALJ determined that a significant number of jobs existed locally and nationally that Anderson could perform.[5] The ALJ, therefore, found Anderson not under a disability.[6]

---

[3] *Id.* at 21

[4] *Id.* at 25.

[5] *Id.* at 26.

[6] *Id.* at 27.

Anderson asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Anderson presents three issues for decision in this case:

- Does substantial evidence support the finding that Anderson did not meet a listed impairment?

- Did the residual functional capacity finding and the hypothetical question posed to the vocational expert incorporate all of Anderson's mental limitations?

- Does substantial evidence support the ALJ's credibility finding?[7]

The Court concludes that the ALJ's finding that Anderson did not meet a listed impairment and the residual functional capacity finding, incorporated into the hypothetical question to the vocational expert, have the support of substantial evidence in the administrative record. The decision of the Commissioner to deny Anderson's application for supplemental security income must be affirmed.

**Analysis**

**1.    Standard of review**

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on

---

[7] Although listed as a separate issue, credibility is discussed in Anderson's brief as a component of the first two issues.

> review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[8]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[9] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[10]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

**2.     The listing issue**

The listing at issue here is § 1.02A of Appendix 1. That section requires a major dysfunction of a joint characterized by a gross anatomical deformity and the involvement of one major peripheral weight-bearing joint, such as the hip, resulting in inability to ambulate

---

[8] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

[9] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06cv403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[10] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

effectively, as defined in § 1.00B2b. The latter defines "to ambulate effectively" in the following functional terms:

> *To ambulate effectively*, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living. They must have the ability to travel without companion assistance to and from a place of employment or school. Therefore, examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail. The ability to walk independently about one's home without the use of assistive devices does not, in and of itself, constitute effective ambulation.[11]

The Commissioner suggests that Anderson's avascular necrosis of the hip does not constitute a major dysfunction of that joint characterized by gross anatomical deformity. Although this is an interesting question, neither side has pointed me to any authority useful in resolving it. As discussed below, the listing issue can be resolved assuming arguendo that the required gross anatomical deformity of the hip existed.

The ALJ found that Anderson's hip impairment did not meet the listing requirements. This finding is supported by the testimony of the medical expert[12] and the opinion of the state agency reviewing physician.[13] The Commissioner argues that this listing does not address the ability for prolonged standing or walking but merely the ability to ambulate well enough to carry out activities of daily living. In support of the ALJ's finding, and as support for the

---

[11] Emphasis in the original.

[12] Tr. at 314-15.

[13] *Id.* at 170.

opinions of the medical expert and the state agency physician, the Commissioner points to evidence of Anderson's daily activities,[14] the evidence of his ambulation with a single cane or less,[15] and evidence that Anderson used public transportation.[16]

In refutation, Anderson points to his testimony at the hearing[17] and the observation of the consulting examining physician, Paul Steuer, M.D., that he ambulates with marked difficulty and with antalgic gate.[18]

The opinion of a testifying medical expert or of a state agency reviewing physician can provide substantial evidence in support of a finding at step three of the sequential evaluation process if those opinions have support in the other record evidence.[19] The claimant bears the burden of proof at step three of the process.[20]

Here, to be sure, there is evidence going both ways on Anderson's ability to ambulate effectively. I cannot conclude, however, that the ALJ's findings, and the opinions of the

---

[14] *Id.* at 144, 322.

[15] *Id.* at 144, 324.

[16] *Id.* at 267.

[17] *Id.* at 329-30. I have carefully reviewed the ALJ's detailed articulation on Anderson's credibility. Tr. at 23-25. I conclude that in form and content it more than satisfies the regulation requirements as elaborated upon in *Cross v. Comm'r of Soc. Sec.*, 373 F. Supp. 2d 724, 732-33 (N.D. Ohio 2005). I, therefore, find no "compelling reason" to disturb that assessment. *Id.* at 732.

[18] *Id.* at 164-65.

[19] *March v. Dep't of Health & Human Servs.*, 256 F. App'x 991, 994 (9th Cir. 2007); *Canup v. Comm'r of Soc. Sec.*, No. 3:08cv106, 2009 WL 891736, at *11 (S.D. Ohio 2009).

[20] *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999).

medical expert and the state agency reviewing physician, lacked the support of relevant evidence in the record that a reasonable mind might accept as adequate to support that finding on those opinions. Accordingly, I cannot set aside the ALJ's finding at step three.

**3.     The issue relating to the residual functional capacity finding and the hypothetical to the vocational expert**

Anderson challenges the ALJ's residual functional capacity finding and hypothetical to the vocational expert on the ground that they do not accurately incorporate the work-related limitations caused by his mental impairments. He grounds this argument on the assessment of the consulting, examining psychologist, Joseph Perry, Ph.D.[21] In that assessment, Dr. Perry opined that Anderson had a moderate limitation on his ability to relate to others, including fellow workers and supervisors; no limitation on his ability to understand and follow instructions; no limitation on his ability to handle simple repetitive tasks; and a moderate limitation on his ability to withstand stress and pressures associated with day-to-day work activities.[22]

In the residual functional capacity finding and the hypothetical to the expert, the ALJ incorporated specific work-related limitations addressed to the moderate limitations identified by Dr. Perry. Specifically, as to the moderate limitation on relating to others, the ALJ limited Anderson to no work involving arbitration, negotiation, confrontation, or responsibility for the safety of others.[23] The ALJ addressed the moderate limitation on ability

---

[21] Tr. at 142-46.

[22] *Id.* at 145.

[23] *Id.* at 21, 334.

to withstand stress and pressure of the workday with a limitation to low-stress work with no high production quotas.[24] These are the same limitations identified by the state agency reviewing psychologist.[25]

Based on this record, I must conclude that the mental limitations incorporated into the residual functional capacity finding and the hypothetical to the vocational expert had the support of substantial evidence. A reasonable mind might accept the relevant evidence in the record, including Dr. Perry's opinion and that of the state agency reviewer, as adequate to support the ALJ's conclusion. That conclusion, therefore, falls within the "zone of choice" within which this Court may not interfere.[26]

## Conclusion

Substantial evidence supports the finding of the Commissioner that Anderson had no disability. Accordingly, the decision of the Commissioner denying Anderson supplemental security income is affirmed.

IT IS SO ORDERED.

Dated: May 26, 2009                      s/ William H. Baughman, Jr.
                                                           United States Magistrate Judge

---

[24] *Id.*

[25] *Id.* at 205.

[26] *Buxton*, 246 F.3d at 772.